# EXHIBIT A

## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") dated August 4, 2010 sets forth the mutual understanding between **CHRISTINE CLOVER and STEPHANIE CORTES** (hereinafter collectively referred to as "Plaintiffs") and **SHIVA REALTY OF MULBERRY, INC., SHIVA DONUTS OF MAIDEN LANE, INC., SHIVA REALTY OF FULTON, INC., GOBINDRAM D/D IRREVOCABLE FAMILY TRUST, KAILASH GOBINDRAM, LUCKY LANCE GOBINDRAM, ASHWIN GOBINDRAM, and JACQUELINE MELSON** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment with Defendants and the settlement of any and all claims Plaintiffs have or may have against Defendants.

WHEREAS, Plaintiffs have brought an action against, Defendants in the United States District Court, Southern District of New York (Case No.: 10-CV-1702), entitled CHRISTINE CLOVER and STEPHANIE CORTES, on behalf of themselves and other similarly situated current and former employees of defendants, v. SHIVA REALTY OF MULBERRY, INC., SHIVA DONUTS OF MAIDEN LANE, INC., SHIVA REALTY OF FULTON, INC., GOBINDRAM D/D IRREVOCABLE FAMILY TRUST, KAILASH GOBINDRAM, LUCKY LANCE GOBINDRAM, ASHWIN GOBINDRAM, and JACQUELINE MELSON ("Action") alleging violations of wage and hour laws under the Fair Labor Standards Act and the New York Labor Law;

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them, or violated the Fair Labor Standards Act or the New York Labor Law;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.   Payment**

In lieu of incurring litigation costs associated with defending the Action and in consideration for Plaintiffs' execution of this Agreement, which includes a general release, Defendants agrees to:

(a) Cause to be paid the sum of TWO THOUSAND DOLLARS, ($2,000.00) to each of the Plaintiffs ("Settlement Funds") less applicable federal, state and local taxes within ten (10) days of the complete execution of this Agreement and Release and delivery of same to Defendants' counsel and after the expiration of the seven (7) day revocation period described in paragraph 7(d) below;

(b) The Settlement Funds shall be made via two (2) checks ("settlement checks"), one payable to Christine Clover and the other payable to Stephanie Cortes and sent to Plaintiff's attorney.

2. **Attorney's Fees and Costs**

Plaintiffs shall be entitled to reasonable attorneys' fees and costs associated with the prosecution of this action against Defendants. The Parties shall endeavor to resolve these issues within thirty (30) days of the execution of this Agreement. If any of these issues cannot be resolved, Plaintiffs may make an application to the Court for such fees or costs.

3. **Settlement of All Claims**

Upon execution of this Agreement, all claims and/or potential claims by Plaintiffs against Defendants, including but not limited to, claims for wages, back pay, punitive damages and attorneys' fees, and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

4. **Covenant Not to Sue**

Plaintiffs shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency, with the exceptions discussed in paragraph 10 below), against Defendants arising out of or relating to any allegation or claim (whether Plaintiffs' or any other person's) concerning Plaintiffs' employment with Defendants, or all claims referred to or identified in the various correspondence, pleadings, etc. to and between the parties' respective law firms, unless directed by court order or subpoena.

Plaintiffs' counsel, Berenbaum Menken, acknowledges that they do not represent any other individuals who have claims or potential claims against Defendants other than Plaintiffs.

5. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing.

6. **Confidentiality**

(a) Unless otherwise required by law, the terms and provisions, and existence of this Agreement or the documents or substance of any documents exchanged during this proceeding shall not, directly or indirectly be disclosed (in whole or in part) or characterized by Defendants, Plaintiffs, or Plaintiffs' parents, spouse, agents or representatives, to any other person or entity, except that the parties may disclose the terms of this Agreement to their financial advisor(s), each of whom have agreed to maintain such information in confidence. The parties may respond to any inquiry about the case status (but shall not actively disclose) that it has been "resolved and concluded." Plaintiffs represent and warrant that, except as heretofore disclosed in writing to Defendants, neither Plaintiffs, their parents,

spouses, agents or representatives have heretofore made any disclosure or characterization (other than as provided for above) of the terms and provisions of this Agreement (in its final form and/or in any previous drafts thereof) or the negotiations leading thereto. Anything to the contrary notwithstanding, the terms of this Agreement may be disclosed in a proceeding to enforce this Agreement, or where required by applicable law, court order, or subpoena, but provided that if they are required by law, they shall notify Defendants c/o Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W3, Lake Success, New York 11042, in writing of any such required disclosure not less than ten (10) days prior to the time set for disclosure to allow Defendants sufficient time to respond.

(b) Confidentiality of the terms of this Agreement is of the utmost importance to the Defendants. Therefore, the parties agree that the confidentiality provision contained in this paragraph is a material term of this Agreement.

### 7. Reemployment

Plaintiffs hereby waive any and all rights to employment, reinstatement or reemployment with the Defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, and specifically agree that they will not in the future ever seek reemployment in any position by Defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, nor will they seek or apply for any such employment either directly or indirectly through an employment agency, temporary agency, or third party.

### 8. Representations

(a) Plaintiffs understand and agree that they have been advised that they have twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

(b) Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

(c) Plaintiffs understand and agree that they have been advised that they have seven (7) days after signing this Agreement to change their mind and to revoke this Agreement. Plaintiffs understand and agree that if they exercise this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by any party for any purpose. If Plaintiffs should decide to revoke this Agreement, such revocation must be in writing and delivered to Joseph M. Labuda, Esquire, Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W3, Lake Success, New York 11042 or mailed to Joseph M. Labuda, Esquire, Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W3, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this

        Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

(d)     Tender of payment to Plaintiffs by to Defendants as set forth in Paragraph 1 above shall be made to Plaintiffs only after receipt by Defendants of the signed Agreement and upon the expiration of the seven (7) day revocation period referred to in paragraph 7(c) above.

9. **Non-Disparagement**

        Plaintiffs and Defendants agree that they shall not act in any manner that might damage the business or reputation of the other, including but not limited to, making disparaging or detrimental comments, statements or the like about the other in their professional and/or personal capacity to the media or otherwise.

10. **Release**

        In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and for their heirs, executors, administrators and their respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants and their respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), specifically including by way of example but not limitation, the Fair Labor Standards Act, New York Labor Law, New York Code Rules and Regulations, Title VII of the Civil Rights Acts of 1964 and 1991, as amended; the Civil Rights Act of 1866; the Employee Retirement Income Security Act of 1974, as amended; the Occupational Safety and Health Act; the National Labor Relations Act, as amended; the Americans with Disability Act of 1990; the Age Discrimination in Employment Act of 1967, as amended; the Worker Adjustment and Retraining Notification Act; and all Federal, State and local statutes, regulations, decisional law and ordinances and all human rights, fair employment, contract and tort laws relating to Plaintiffs' employment with Defendants and/or the separation thereof including, again by way of example but without limitation, the New York State Human Rights Law, any civil rights or human rights law, as well as all claims for or concerning wrongful discharge, breach of contract, personal injury, defamation, mental anguish, injury to health and reputation, working conditions and fraud, which Plaintiffs ever had, now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants, the termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement. This general release shall not extend to any rights for unemployment benefits. Moreover, this general release does not include the right of the Plaintiffs to file or pursue a charge with the National Labor Relations Board or with the Equal

Employment Opportunity Commission against Defendants, but it precludes the Plaintiffs from any and all monetary recovery and any other relief personal to the Plaintiffs that may be awarded by the National Labor Relations Board or the Equal Employment Opportunity Commission.

**11. Acknowledgment**

Plaintiffs acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

**12. Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiffs and Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**13. Class Certification**

A class has not been certified in connection with this action under the Fair Labor Standards Act or the New York Labor Law. Plaintiffs' pending motion for collective action certification shall be withdrawn with prejudice.

**14. Stipulation of Dismissal**

Plaintiffs and Defendants shall execute a Stipulation of Dismissal, with prejudice, which shall be filed with the United States District Court, Southern District of New York upon execution of this Agreement and the expiration of the seven (7) day revocation period referred to in paragraph 7(c) above.

**15. Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

**16. Effective Date**

This Agreement and Release shall become effective immediately upon execution.

**17. Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFFS:**

_[signature]_
Christine Clover
Date: 8/18/2010

_[signature]_
Stephanie Cortes
Date: 8/18/2010

_[signature]_
Bruce Menken, Esq.
Counsel for Plaintiffs
Date: August 8, 2010

**DEFENDANTS:**

Shiva Realty of Mulberry, Inc.

By: _[signature]_
Kailash Gobindram, President
Date: 05/14/2010

Shiva Donuts of Maiden Lane, Inc.

By: _[signature]_
Kailash Gobindram, President
Date: 05/14/2010

Shiva Realty of Fulton, Inc.

By: _[signature]_
Kailash Gobindram, President
Date: 05/14/2010

Gobindram D/D Irrevocable Family Trust

By: _[signature]_
Kailash Gobindram

6