UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE CLOVER and STEPHANIE
CORTES, et al.,

                    Plaintiffs,                    10 Civ. 1702 (RPP)

                  - against -                **OPINION AND ORDER**

SHIVA REALTY OF MULBERRY, INC.,
et al.,

                  Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On October 19, 2010, Plaintiffs' counsel, of the firm Beranbaum Menken LLP, moved for an award of attorneys' fees, totaling $33,260, pursuant to the fee shifting provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendants Shiva Realty of Mulberry, Inc. et al. responded to the motion by an Affirmation in Opposition on November 19, 2010. Plaintiffs' motion is granted for the reasons stated below.

## BACKGROUND

      Plaintiffs Christine Clover and Stephanie Cortes worked in Dunkin Donut shops in lower Manhattan owned and operated by Defendants through a franchise agreement with Dunkin Donuts Franchising LLC. (Decl. of Bruce Menken at ¶ 2.) Plaintiffs alleged that they worked over 40 hours a week and that Defendants refused to pay them overtime at one and one-half times the regular rate in violation of FLSA and the New York Labor Law. (Id.) On March 3, 2010, Plaintiffs filed suit on behalf of themselves and others similarly situated for violation of

the Fair Labor Standards Act, 29 U.S.C. § 207(a), and the New York Minimum Wage Act, 12 NYCRR 142-2.2. (Id. at ¶ 3.)

On May 28, 2010, Defendants served Plaintiffs with a Rule 68 offer of settlement for an amount of $659.49 for Plaintiff Clover and $1,567.69 for Plaintiff Cortes, plus interest, costs, and reasonable attorneys' fees.  (Id. at ¶ 4.)  Plaintiffs rejected this offer, because they believed they were owed more than what was being offered.  (Id. at ¶ 5.)

On May 27, 2010, Plaintiffs obtained the Court's permission to move for conditional class certification without a pre-motion conference, and on June 22, 2010, Plaintiffs moved for conditional class certification under 29 U.S.C. § 216(b). (Id. at ¶ 6.)  On June 28, 2010, Defendants moved to dismiss the Complaint, arguing that Plaintiffs' rejection of the Rule 68 offer eliminated Plaintiffs' stake in the case and rendered the claims moot. (Id. at ¶ 7.)  On June 29 and July 2, 2010, Plaintiffs' attorney Bruce Menken spoke with Defendant's counsel on behalf of Plaintiff Cortes, who expressed a desire to settle in view of financial difficulties she was facing. (Id. at ¶ 8.)  Plaintiff Clover did not want to settle, and the Defendants would not settle the lawsuit unless both Cortes and Clover agreed to settle. (Id.)  On July 28, 2010, Plaintiffs filed their opposition to the motion to dismiss.  (Id. at 9.)

The parties agreed to settle the case on August 12, 2010 for a payment of $2,000 each to Plaintiffs Clover and Cortes plus attorney's fees and costs. (Id. at 10; Settlement Agreement, Menken Decl., Ex. A.)  After some negotiations, Plaintiffs' counsel and Defendants' counsel were unable to agree on fees, and Plaintiffs filed this present motion.  (Menken Decl. at ¶¶ 14-15.)

**DISCUSSION**

Plaintiffs seek a total of $33,260 in attorney's fees: $22,310 for the underlying action, $10,950 for the motion to recover fees, and $635 in taxable costs. (Menken Decl., Exs. B and C.) Plaintiffs billed a total of 51 hours in the underlying action. 30.90 of those hours were billed by Bruce E. Menken, Esq., a partner at Beranbaum Menken, at a rate of $500 per hour, and 20.75 were billed by Jennifer L. Smith, Esq., a senior associate at Beranbaum Menken, at a rate of $300 per hour. (Menken Decl., Ex. B.) Mr. Menken billed an additional 21.90 hours working on the motion to recover fees at a rate of $500 per hour. (Menken Decl., Ex. C.)

Defendants offer two categories of arguments in opposition to Plaintiffs' application. First, they suggest that Plaintiffs' fee award should be reduced due to Plaintiffs' conduct during the litigation and the circumstances surrounding the dispute's ultimate resolution. Second, Defendants argue that Plaintiffs' fee request is unreasonably high. Defendants suggest reducing Plaintiffs' fees to a total of $2,187.75. For the reasons stated below, the Court grants Plaintiffs' motion for fees.

I. <u>Attorneys' Fees Under the FLSA and New York Law</u>

The Fair Labor Standards Act, 29 U.S.C. §§ 201 <u>et seq.</u> ("FLSA") provides that if a plaintiff prevails in an action under § 206 or § 207, "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

The New York Minimum Wage Act, NYLL §§ 651 <u>et seq</u>., provides that a prevailing plaintiff:

> may recover in a civil action the amount of any such underpayments, together with costs and reasonable attorney's fees as may be allowed by the court, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated

> damages equal to twenty-five percent of the total of such underpayments found to be due the employee and any agreement between the employee.

NYLL § 663 ¶ 1.

> In determining whether a fee application is reasonable, a court should:
>
> consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the required to prosecute the case effectively…, the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono*…, and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008).

In an action for attorney's fees, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

  II. Circumstances Surrounding the Litigation

   A. Plaintiffs' Failure to Provide Specific Computation of Damages

Defendants allege that Plaintiffs' fees should be reduced because Plaintiffs failed to provide initial disclosures of a computation of damages as required by FRCP 26(a)(1)(iii), which made it difficult for Defendants to resolve the matter amicably. (Labuda Aff. at ¶¶ 9-10.) Defendants argue that Plaintiffs failed to meet the Court's production deadline, and that Plaintiffs' fees should be reduced to account for the fact that litigation could, hypothetically, have been avoided if Plaintiffs produced information regarding their request for damages. (Labuda Aff. at ¶¶ 8, 10.)

Plaintiffs respond that they provided Defendants with a general calculation of damages, but that relevant records regarding Plaintiffs' hours and wages were in exclusive control of Defendants, and that Plaintiffs would not make a definite settlement demand until Defendants turned over Plaintiffs' wage records. (Menken Reply Decl. at ¶ 5.) Defendants did not produce their records regarding Plaintiffs' wages until May 26, 2010. (Id.)

While communication of a specific demand for damages may have helped to expedite settlement, the records regarding the hours worked by Plaintiffs and the amounts paid to them were in the Defendants' possession and not produced until May 26, 2010 as part of the Rule 68 offer. Moreover, the difference in the amount of the Rule 68 offer (a total of $2,227.18) and the amount of the ultimate settlement (a total of $4,000) is relatively small, and suggests that Defendants were not substantially prejudiced by Plaintiffs' failure to provide specific damage demands earlier in the case.

    B.    <u>Defendants' Accusations of Bad Faith</u>

Defendants next argue that Plaintiffs' counsel acted in bad faith by not filing an attorney demand letter, failing to provide required disclosures, failing to respond to document requests, and being unwilling to settle. Further, Defendants claim that Plaintiffs' acceptance of what they characterize as a small amount, well after Defendants attempted to settle the matter, indicates that Plaintiffs extended the lawsuit in order to bill additional hours. (Labuda Aff. at ¶ 29.) In response, Plaintiffs' counsel reiterate that they were unable to provide specific damage calculations without Defendant's wage and hour records, that an attorney demand letter would never have led to the resolution of a putative wage and hour class action, and that Plaintifs accepted the settlement only because Plaintiffs were in severe economic distress. (Menken Reply

at ¶ 10.) While negotiations between the parties were not fruitful, Defendants have not shown that Plaintiffs' counsel acted in bad faith.

A preliminary attorney demand letter would have been unlikely to resolve a putative class action because of the number of other potential plaintiffs. Furthermore, while Plaintiffs concede that they failed to respond to document requests, this did not violate the Court's Scheduling Order of May 27, 2010, because discovery was not required to be completed until October 1, 2010, by which time the case had already been settled. See May 27, 2010 Order, 10 Civ. 1702, ECF No. 7.

To support their claim that "Plaintiffs' counsel were "unwilling to discuss settlement." (Labuda Aff. at ¶ 12), Defendants provide an e-mail from Plaintiffs' counsel. (Labuda Aff., Ex. D.) The text of the e-mail reads, "Following up on our discussion last week concerning the above case, I believe I would be providing a disservice to the putative class to bail out and settle on behalf of the class representatives on your mere "say-so" that the defendants have limited assets. Please provide me with documents that back up your claim." (Labuda Aff., Ex. D.) The e-mail does not communicate a blanket refusal to settle, indeed it provides evidence that Plaintiffs had considered settling and sought further discussion regarding Defendants' financial circumstances.

Defendants argue that the relatively small difference between their Rule 68 Offer of $2,886.67 and the eventual settlement of $4,000 demonstrates that Plaintiffs were attempting to extend the litigation and thereby accumulate unnecessary attorney's fees. (Labuda Aff. at ¶ 29.) Plaintiffs explain that at the time of the Rule 68 Offer, Cortes wished to settle, but Clover did not. Clover was within her rights to refuse the settlement. "Litigiousness by itself is neither semantically nor legally equivalent to bad faith." Salahuddin v. Harris, 782 F.2d 1127 (2d Cir.

1986).  Further, Defendants' decision not to settle with either Plaintiff unless both Cortes and Clover agreed to settle extended the litigation.

In sum, Defendants have not shown that the behavior of Plaintiffs' counsel constituted bad faith such that would justify a reduction in fees.

### III. Proportionality of Plaintiffs' Fees

Defendants next argue that Plaintiffs' wage claims were minimal, and that therefore Plaintiffs' fee recovery is disproportionate. Defendants' argument is counter to the purposes of the FLSA fee-shifting provision. "Congress enacted fee-shifting statutes… to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole," Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2d Cir. 1999).  Fees in civil rights statutes are not to be linked to the dollar value of a claim. Id.; Vasquez v. Ranieri Cheese Corp., No. 07 Civ. 464, 2011 WL 554695 at *4 (E.D.N.Y. February 7, 2011) ("courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery").  "Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." Howe v. Hoffman-Curtis Partners Ltd., 215 Fed.Appx. 341, 342 (5th Cir. 2007).  The relative size of Plaintiffs' claims and their counsel's fee request is not determinative of whether Plaintiffs' fees are reasonable.

### IV. Plaintiffs As Prevailing Parties

Defendants also contend that Plaintiffs were not the prevailing parties because they rejected Defendants' Rule 68 offer and did not succeed on their claims at trial. (Labuda Aff. at ¶ 25.)

"To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant

from whom fees are sought… or comparable relief through a consent decree or settlement." Farrar v. Hobby, 506 U.S. 103, 111 (1992). By achieving settlement on the consent of each Plaintiff, Plaintiffs have obtained some relief on the merits of their claim, and so long as their fees are reasonable, the fact that the relief was obtained via settlement rather than at trial is irrelevant.

V. Reasonableness of the Fee Request

One method to determine a proper award of attorneys' fees begins with calculating the "presumptively reasonable fee" for the attorneys in question, bearing in mind all relevant case-specific variables, including, inter alia, "the complexity and difficulty of the case," "the resources required to prosecute the case effectively," and "the timing demands of the case." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110, 112 (2d Cir.2007). Another method that has been used to evaluate the reasonableness of a fee request is the lodestar method, pursuant to which a reasonable fee is calculated by multiplying the number of attorney hours reasonably expended by a reasonable hourly rate for the attorney's services. Blanchard v. Bergeron, 489 U.S. 87, 93 (1989). Under either approach, Plaintiffs' fee request is reasonable.

A. Plaintiffs' Hourly Rates

Defendants argue that Plaintiffs' rates of $500 per hour for Mr. Mencken and $300 per hour for Ms. Smith are unreasonable in light of their experience, and suggest $250 per hour for Mr. Mencken and $175 per hour for Ms. Smith. (Labuda Aff. at ¶ 54-55.)

"A reasonable hourly rate is the 'prevailing market rate,' i.e. the rate 'prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation. . . . The relevant community. . . is the district in which the court sits.'" Farbotko

v. Clinton County of New York, 433 F.3d 204, 208 (2d Cir. 2005). "Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time." Mugavero v. Arms Acres Inc., 03 Civ. 5724, 2010 WL 451045 at *5 (S.D.N.Y. Feb. 9, 2010).

Plaintiffs' counsel's rates are fairly within the range of rates awarded in the Southern District given their experience. Mr. Menken, partner of the firm Beranbaum Menken, has been practicing law for twenty-three years, and has substantial experience in employment and civil rights cases. (Menken Decl. at ¶ 17.) His associate, Ms. Smith, has been practicing law for nearly nine years, and her requested rate similarly falls within the range deemed acceptable in this district. (Id. at ¶¶ 22-23.) The hourly rates requested are reasonable.

    B.    Time Reasonably Expended

Defendants' allege that Plaintiffs' counsel's billing records are too vague and incomplete to support the award requested, and that Plaintiffs' counsel overbilled for duplicative work. Defendants also claim that Plaintiffs inappropriately request time for working on the fee application, and that their request for travel time is unreasonable.

    i.    Plaintiffs' Records of Time Expended on this Matter

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998). "Although counsel is not 'required to record in great detail how each minute of his time was expended. . . counsel should [at a minimum] identify the general subject matter of his time expenditures.'" Marisol A. ex rel. Forbes v. Giuliani, 111 F.Supp. 2d 381, 396-97 (S.D.N.Y. 2000).

Plaintiffs' billing records are sufficiently complete and specific to support their application for fees. (Menken Decl., Exs. B and C.) The nature of the time expenditures is clear from the records, and the specific amounts of time spent on each listed task are documented.

  ii.  <u>Overbilling for Duplicative Work</u>

Defendants also allege that Plaintiffs overbilled for preparing the motion for conditional certification because they copied and pasted a nearly identical brief prepared for another case and billing 8.5 hours for it, when it should have taken only half an hour. Plaintiffs' counsel reply that it is customary to rely on pleadings drafted for other cases, and that the 8 hours included the total time necessary to prepare the motion, including meeting with the Plaintiffs and reviewing documentation.

Plaintiffs' billing records indicate that Ms. Smith billed 3.5 hours on June 10, 2010 for drafting the collective action motion, notice, affirmation in support, and memorandum of law, billed 2.5 hours on June 17, 2010 to meet with clients to review the declaration in support of the motion, and billed 2.0 hours on June 22, 2010 for reviewing, preparing, and e-filing the motion, for a total of 8 hours. (Menken Decl., Ex. B.) Mr. Mencken billed .50 hours on June 21, 2010 for reviewing and editing the collective action motion. (<u>Id.</u>) These records represent a reasonable amount of time spent preparing and reviewing a motion with clients, and appear to correlate with the amount of work necessary to prepare a motion based on a relevant precedent. Were Plaintiffs' counsel preparing a motion from scratch that required substantial new legal research, one would anticipate the hours devoted to preparing the motion to be substantially higher. The evidence does not show that Plaintiffs overbilled for duplicative work.

  iii. <u>Billing for Drafting of Fee Motion</u>

Defendants claim that Mr. Mencken inappropriately drafted the motion for attorney's fees himself in anticipation of being paid attorney's fees. (Labuda Aff. at ¶ 57.) Mr. Mencken replies that he conducted the settlement negotiations and was in the best position to draft the motion for attorney's fees. (Menken Reply Aff. at ¶20.)

A prevailing civil rights plaintiff may include the costs of drafting a motion to recover fees as part of a fee award. <u>Weyant v. Okst</u>, 198 F.3d 311, 316 (2d Cir. 1999) ("motion costs should be granted whenever underlying costs are allowed."). Defendants are not able dictate which of Plaintiffs' counsel should draft the fee motion.  Further, Mr. Menken offered to accept a lesser amount fees if he did not have to prepare such a motion, which Defendants declined. (Menken Decl. ¶¶ 13-14.) Mr. Menken's fees for researching the motion are reasonable, and are awarded accordingly.

  iv. <u>Overbilling for Travel</u>

Defendants claim that Plaintiffs' counsel overbilled for travel in billing 1.10 hours at their standard rate for a short court appearance and travel.

Courts in this Circuit generally reduce fees by 50% for travel time. <u>Gonzalez v. Bratton</u>, 147 F.Supp.2d 180, 213 n. 6 (S.D.N.Y. 2001). Plaintiffs' fees are therefore reduced by $225.

## CONCLUSION

Plaintiffs' motion for attorney's fees is granted, and fees are awarded in the amount of $33,035.

IT IS SO ORDERED

Dated: New York, New York

May 13, 2011

Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were sent to:

Bruce L. Menken
Berenbaum Menken, LLP
80 Pine Street, 33rd Floor
New York, NY 10005
(by fax)

Joseph M. Labuda
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(by fax)