**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------------x
**CHRISTINE CLOVER AND STEPHANIE**        **10 CV 1702 (RPP)**
**CORTES, on behalf of themselves**
**And other similarly situated current and former**
**Employees of defendants,**

                         **Plaintiffs,**

      **-against-**

**SHIVA REALTY OF MULBERRY, INC.,**        **AFFIRMATION IN**
**SHIVA REALTY OF MAIDEN LANCE, INC.,**    **SUPPORT OF**
**SHIVA REALTY OF FULTON, INC.,**          **MOTION TO**
**GOBINDRAM D/D IRREVOCABLE FAMILY**    **WITHDRAW AS**
**TRUST, KAILASH GOBINDRAM, LUCKY**       **COUNSEL**
**LANCE GOBINDRAM, ASHWIN GOBINDRAM**
**And JACQUELINE MELSON**

                        **Defendants.**
--------------------------------------------------------------------------------x

STATE OF NEW YORK    )
                     )    ss:
COUNTY OF NASSAU    )

       JOSEPH M. LABUDA, ESQ., an attorney duly admitted to practice in the courts

of the State of New York and before this Court, affirms the following under penalties of

perjury:

       1.    I am a member of the firm Milman Labuda Law Group PLLC

("Counsel").  We currently represent the Defendants in the above-captioned matter. I

submit this affidavit in support of the motion for permission to withdraw as counsel to

Defendants.  I have personal knowledge of the facts stated in this affidavit.

       2.    Defendants have repeatedly delayed or failed to remit payment for

services rendered under the terms of the March 25, 2010 Retention Agreement between

Defendants and Counsel ("Retention Agreement").[1] The Retention Agreement provides that:

> In the event you fail to pay Milman Labuda Law Group, PLLC for its services in accordance with the monthly invoices received, Milman Labuda Law Group, PLLC shall have the right, at its option, of discontinuing this retainer agreement and shall be excused from the obligations of this retainer agreement. Nothing in this paragraph shall be construed as a limitation upon Milman Labuda Law Group, PLLC from seeking such other and further relief as may be available in law or equity. Further, you agree that should any fees or costs be due and owing to this firm from you in excess of sixty (60) days, that you shall not oppose any petition or motion of this firm to withdraw from representing you.

3.      Counsel has performed a substantial amount of legal work on behalf of the Defendants including investigating the factual allegations of the complaint, preparing and filing the motion to dismiss, extensive settlement negotiations, and opposing plaintiff's attorney fee application.

4.      Counsel has rendered to Defendants a number of billing statements for its services. Defendants have, since approximately July 2010, failed and refused to pay the billing statements, constituting twelve (12) months worth of services, in the amount of $26,849.00.

5.      Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

6.      It is well settled under Local Civil Rule 1.4 that a client's failure to pay legal fees constitute "satisfactory reasons for withdrawal as counsel." Team Obsolete,

---

[1] To preserve confidentiality, the Retention Agreement and other documents referenced in this motion shall be made available to the Court for an *in camera* review.

<u>Ltd. v. A.H.R.M.A., Ltd.</u>, 464 F. Supp. 164, 165 (EDNY 2006).  As set forth above, Defendants have failed to pay Counsel's legal fees. Moreover, the New York Code of Professional Responsibility permits a lawyer to "withdraw from representing a client if . . . [t]he client… [d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y.S.B.A. Code of Professional Responsibility DR 2-110(C)(1)(f).

7.      Given Counsel's inability to obtain payment of its fees in accordance with the Retention Agreement, and the clients' advisement that it is not able to make such payments, Counsel respectfully requests to be relieved as counsel in defending this case.

8.      From July 2010 to May 2011, I spoke with Defendant Kailash Gobindram, who was the owner of the Defendant, where we discussed the breakdown in the relationship and advised him that Counsel could no longer represent the Defendants in all matters, including the above-captioned matter.

9.      Counsel cannot be expected to provide the required services with no reasonable prospect of being paid.

10.      For the foregoing reasons, Counsel respectfully requests the Court grant the Motion to Withdraw as Counsel for Defendants along with awarding attorneys fees in this matter.

11.      Counsel has not made a prior request for the relief sought by this application.

Dated: May 23, 2011

/s/
Joseph M. Labuda, Esq.

3