UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE CLOVER and STEPHANIE
CORTES, et al.,

                                Plaintiff,

    - against-                                    10 CV 1702 (RPP)

                                **OPINION AND ORDER**

SHIVA REALTY OF MULBERRY, INC.,
et al.,

                                Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.,**

On May 23, 2011, following a stipulation settling Plaintiffs Fair Labor Standards Act claims for $4,000.00, and an award of Plaintiff's attorney's fees,[1] Mr. Joseph M. Labuda of Milman Labuda Law Group, PLLC, ("MLLG") moved the Court to withdraw as counsel for Defendant in the above captioned matter, and for an order awarding attorney's fees totaling $30,241.50, pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule 1.4. On June 13, 2011, Kailash Gobindram, *pro se*, on behalf of the individually named Defendants responded to the motion by affidavits in opposition. On June 15, 2011 MLLG replied to those affidavits and on June 27, 2011, Gobindram, *pro se*, filed a sur-reply.

For the reasons set forth below MLLG's motion is granted in part.

**I.**    **Background**

On March 25, 2010, Mr. Labuda sent an agreement to all Defendants named in the Complaint retaining him to represent them in a suit brought by two former employees alleging unpaid wages in violation of the Fair Labor Standards Act and New York Labor Law. (MLLG

---

[1] On May 13, 2011, the Court awarded Plaintiffs' attorney's fees in the amount of $33,035.00.

Affirmation, May 23, 2011 ("MLLG Aff.") ¶ 1.)  The agreement was signed by all Defendants with the exception of Shiva Realty of Mulberry, Inc., Kailash Gobindram in his individual capacity, and Jacqueline Melson in any capacity. (MLLG Reply Affirmation, June 15, 2011 ("MLLG Reply Aff."), Ex. A.)  Kailash Gobindram, however, did sign the agreement on behalf of the remaining Defendant entities.[2] (Id.)  The retainer agreement explicitly stated that "should any fees or costs be due and owing to this firm from you in excess of sixty (60) days, that you shall not oppose any petition or motion of this firm to withdraw from representing you." (Id.)  MLLG made no representations in the retainer as to estimates or predictions of the total cost of its services. (Id.)  Defendant argues that MLLG made representations to Defendant that every effort would be made to constrain legal costs and fees. (Affidavit of Kailash Gobindram, June 14, 2011 ("Gobindram Aff.") ¶ 16.)

MLLG also claims to have represented Melson in this matter despite the absence of her signature on the retainer agreement. (MLLG Reply Aff. ¶ 7.)  Melson, however, maintains that she was not a shareholder or officer in any of the entities sued in the action. (Melson Affidavit, June 10, 2011 ("Melson Aff") ¶ 3.)  The Complaint alleges that the Gobindram D/D Irrevocable Family Trust trustees are guarantors of the Shiva entities obligations. (Compl. ¶ 14.)  MLLG denied in its Answer the Complaint's allegations that Melson is a trustee and officer of Gobindram D/D Irrevocable Family Trust and personally guaranteed the obligations of that entity pursuant to executed personal guarantees. (Compl. ¶ 18; Answer ¶ 18; Melson Aff. ¶ 3.)  MLLG argues that this denial filed by the firm on Melson's behalf demonstrates that she was in fact represented by MLLG. (MLLG Reply Aff. ¶ 8.)  On April 28, 2010, MLLG filed a notice of appearance on behalf of Melson to which MLLG states Melson made no objection. (Notice of

---

[2] Gobindram is a shareholder of Shiva Donuts of Maiden Lane, Inc., Shiva Realty of Fulton, Inc., and Shiva Realty of Mulberry, Inc. (collectively the "Shiva entities") (Gobindram Aff. ¶ 1.)

Appearance dated April 28, 2010; MLLG Reply Aff. ¶ 9.) MLLG has not shown that Melson was aware of that appearance on her behalf. MLLG points out, however, that Melson voluntarily signed the settlement agreement with Plaintiffs—a settlement negotiated by MLLG. (MLLG Reply Aff. ¶ 25.) Melson acknowledges that she signed the settlement agreement. (Melson Sur-Reply Affidavit ¶ 7.)

During its defense of the Complaint, MLLG sent monthly invoices to the Shiva entities, attention Kailish Gobindram, stating the legal work performed on Defendants' behalf. (MLLG Reply Aff. ¶¶ 18, 23.) MLLG states, and Defendants do not deny, that Gobindram and the Shiva entities failed to object to any of the invoices as being unfair within a reasonable period of time. (Id. ¶ 18.) MLLG states that Defendants have refused to pay any of the billing statements since July 2010, constituting twelve months worth of legal services. (MLLG Aff. ¶ 4.) On October 20, 2010 MLLG sent an email reminding Gobindram that "as per agreement, you were to pay 2k stating in [O]ctober. [P]lease pay [O]ct this week and November in next 2 weeks." (MLLG Reply Aff. Ex. C at 2.) Gobindram responded that he was in Singapore and could not do anything until he returned. (Id. at 1.)

Defendants argue that the legal fees charged by MLLG are excessive and not "supported by the 'retention agreement' or the responsible value of their services." (Gobindram Aff. ¶ 5.) Additionally, Defendants argue that Melson was at no time an officer or shareholder of a Defendant corporation and therefore the Court does not have "any basis to grant any judgment for any amount against her." (Id. ¶ 4.)

MLLG contends that they adequately represented the Defendants throughout the course of the litigation. (MLLG Reply Aff. ¶ 19.) MLLG asserts that it investigated the factual allegations of the complaint, prepared and filed a motion to dismiss, opposed Plaintiff's motion

3

for collective action, engaged in settlement negotiations, and opposed Plaintiff's attorney fee application. (Id.)  Furthermore, MLLG argues that the final settlement figure was far below the Plaintiffs' original demands. (Id. ¶ 21.)

On May 23, 2011, after repeated non-payment,  MLLG filed this motion to withdraw as counsel and collect unpaid attorney's fees.

**II.     Discussion**

First, failure to pay legal fees is a "satisfactory reason" for withdrawal under Local Rule 1.4. See HCC, Inc. v. R H & M Machine Co., No. 96-cv-4920, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998); Kolacek v. Gemexco Trading, Inc., No. 90-cv-5760, 1992 WL 14991, at *1 (S.D.N.Y. Jan.23, 1992).  Accordingly, MLLG's motion to withdraw as counsel is granted.

Secondly, "[a] federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action . . . ." Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d 251, 256 (2d Cir.1988) (internal quotations omitted).  Upon an application for attorney's fees a court must first calculate what the Second Circuit has defined as a "presumptively reasonable fee." See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110, 111 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008).  A presumptively reasonable fee is one where the court calculates the number of hours worked multiplied by a reasonable hourly rate. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).  The reasonable hourly rate should be "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Id. (quoting Arbor Hill, 493 F.3d at 118).

4

MLLG seeks to recover under the theories of breach of contract, accounts-stated or quantum meruit. To establish breach of contract in New York, a plaintiff must allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages. Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996). An accounts-stated claim requires "an agreement between the parties to an account based upon prior transactions between them . . . ." LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999). "Such an agreement may be implied if a party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment." Id. (internal citations omitted). To recover in quantum meruit under New York law, a party must establish "(1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 69 (2d Cir. 2000).

**A.    The Attorney's Fees Charged by MLLG are Reasonable**

The hourly rates charged by MLLG are clearly stated in the retainer agreement signed by Defendant Gobindram in his capacity as shareholder and/or trustee of Defendant entities. The agreement explicitly states that "[y]ou shall retain Milman Labuda Law Group, PLLC at an hourly rate of $425.00 for partners and $275.00-$300.00 for associates." (MLLG Reply Aff. Ex. A.) Additionally, the retainer agreement calls for a non-refundable check "for an initial down payment in the amount of $5,000.00 that will be credited against hours." (Id.) Furthermore, the agreement states that should an answer be filed, an additional $5,000.00 payment would be necessary. (Id.)

The Court does not find the legal fees being sought by MLLG to be unreasonable. The hourly fees sought are in accord with New York standards. See Arnone v. CA, Inc., No. 08 Civ. 4458, 2009 WL 585841, at *3 (S.D.N.Y. Mar. 6, 2009) (holding that $425.00 is typical for an experienced labor lawyer in the New York area);  See also Fadaz v. Scoop Management, Inc., No. 10-cv-7933, 2011 WL 2749892 at *1 (S.D.N.Y June 29, 2011) (same).  There is nothing in Defendants' affidavits or a review of MLLG's billing statements which lead the Court to believe MLLG acted unreasonably or in bad faith.  Additionally, during the period of non-payment, Defendants did not object to the invoices—reflecting the number of hours billed for—as being unreasonable. (MLLG Reply Aff. ¶ 18.)  Accordingly, MLLG is entitled to recover the billed amounts against the parties who signed the retainer agreement on breach of contract basis and against the parties who received the monthly invoices on an accounts-stated basis.

B.     **Jacqueline Melson**

Gobidram argues that his wife, Melson, should not have been subject to this Court's judgment for attorney's fees in the underlying action.  Gobidram contends that Melson should not have been named a party as she was not a shareholder in the Defendant corporations at any time before or after the action was commenced. (Gobindram Aff. ¶ 4.)  MLLG's failure to establish these facts, Gobidram argues, resulted in a judgment being awarded against her for attorney's fees. (Id.)  Gobidram asks the Court to deny MLLG's motion to withdraw as counsel until such argument has been made. (Id.)  The Court finds this argument unpersuasive as Melson signed the settlement agreement.  For MLLG to take additional action on her behalf as argued by Gobindram would only increase her liability for services rendered.

Melson did not sign the retainer agreement with MLLG or receive the monthly statements from MLLG, however MLLG is still entitled to recover against her under a theory of

quantum meruit.  See Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff, 638 F.Supp. 714, 721 (S.D.N.Y. 1986) (holding that "an attorney, like any other provider of services, is entitled to recover in quantum meruit for the reasonable value of services performed").  In the Answer, MLLG denied the only allegation against her, i.e., that Melson was an officer or trustee in the Gobindram D/D Irrevocable Family Trust and personally guaranteed the obligations of that entity.  MLLG also obtained for Melson a release of any liability to Plaintiffs pursuant to the settlement agreement.  Therefore, the Court finds Melson individually liable in attorney's fees in the amount $850.00.

**III.    Conclusion**

Defendants Shiva Realty of Mulberry, Inc., Shiva Realty of Maiden Lane, Inc., Shiva Realty of Fulton, Inc., Gobindram D/D Irrevocable Family Trust, Kailash Gobindram, Lucky Lance Gobindram, and Ashwin Gobindram are jointly and severally liable to MLLG in the amount of $30,241.50.  However, of that amount the Court estimates $850.00 was for services rendered to Melson individually.  Accordingly, judgment should be entered for MLLG against the aforementioned parties in the amount of $29,391.50.

The Clerk is ordered to enter judgment for MLLG against the Defendants other than Melson jointly and severally in the amount of $29,391.50 and to enter judgment for MLLG against Melson for $850.00.  MLLG's motion to withdraw is granted.

IT IS SO ORDERED.

Dated: New York, New York
   September 30, 2011

                                              Robert P. Patterson, Jr.
                                              U.S.D.J.

Copies of this order were faxed/sent to:
*Plaintiff:*

Shiva Realty of Mulberry Inc. et. al
Attn: Kailash Gobindram
7 Victoria Drive
Amityville, NY 11701

*Counsel for Defendant:*

Joseph Martin Labuda
Milman Labuda Law Group, PLLC
3000 Marcus Avenue
Suite 3W3
New Hyde Park, NY 11042
(516)328-8899
Fax: (516)328-0082

Jamie Scott Felsen
Milman Labuda Law Group, PLLC
3000 Marcus Avenue
Suite 3W3
New Hyde Park, NY 11042
(516) 328-8899
Fax: (516) 328-0082