UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTINE CLOVER and STEPHANIE
CORTES, et al.,

                            Plaintiff,

            - against-                                           10 CV 1702 (RPP)

                                                   **OPINION AND ORDER**

SHIVA REALTY OF MULBERRY, INC.,
et al.,

                            Defendants.
----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.,**

     On September 30, 2011, the Court awarded attorney's fees to Milman Labuda Law

Group ("MLLG") against Defendants jointly and severally, other than Defendant Jaqueline

Melson ("Melson"), in the amount of $29,391.50. See Clover v. Shiva Realty of Mulberry, Inc.,

No. 10 CV 1702 (RPP), 2011 WL 4530536 (S.D.N.Y. Sept. 30, 2011). The Court awarded

MLLG $850.00 against Melson. (Id.)  On October 17, 2011, MLLG filed a motion for

reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

and Local Civil Rule 6.3.  Defendants, pro se, did not respond in opposition to the motion.

     Local Civil Rule 6.3 requires the movant to set forth precisely the matters or controlling

decisions which counsel believes the Court has overlooked and "that might reasonably be

expected to alter the conclusion reached" in order to prevail on a motion for reconsideration.  See

Wechsler v. Hunt Health Sys., Ltd., 285 F. Supp. 2d 343, 346 (S.D.N.Y. 2003) (quotation

omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A party may

not seize upon the motion for reconsideration as an opportunity to "advance new facts, issues or

arguments not previously presented to the court."  Abrahamson v. Bd. of Educ. of Wappingers

Cent. School Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002) (internal quotations omitted).

Moreover, because a motion for reconsideration "is not a substitute for appeal," Morales v.

Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (citations omitted), the

legal standard "must be narrowly construed and strictly applied so as to dissuade repetitive

arguments on issues that have been considered fully by the court." Hoffenberg v. Hoffman &

Pollok, 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003) (quotation and citation omitted).

MLLG argues that Melson should be jointly and severally liable to MLLG in the amount

of $30,241.50 instead of the $850.00 for which the Court found her liable.  MLLG raises no

matters or controlling decisions of law that the Court overlooked in coming to its decision, as

required by Fed. R. Civ. P. 60.  Instead, MLLG asserts by affirmation that the Court overlooked

the fact that MLLG represented Melson in all facets of the litigation and with no limitations

placed on that representation.  (See Affirmation of Joseph M. Labuda, dated October 17, 2011.)

MLLG also contends that all legal work performed on behalf of Defendants was done

collectively.  (MLLG Memorandum of Law in Support of Motion for Reconsideration at 1.)

MLLG argues that since Melson's husband retained it, she should pay for all services it provided

for all Defendants,[1] citing to Kramer, Levin, Nessen, Kamin & Frankel v Aronoff, 638 F. Supp.

714, 721 (S.D.N.Y. 1986).   Melson, however, did not sign the retainer agreement with MLLG or

receive the monthly statements from MLLG. (MLLG Reply Affirmation, June 15, 2011,  Ex. A.)

There has been no showing that Melson was on notice of MLLG's billing statements as they

were not addressed to her.

---

[1] MLLG states that it represented Melson at the initial court conference, drafted an answer, drafted an opposition to Plaintiff's motion for collective action, drafted a motion to dismiss, calculated potential damages for Melson and other Defendants, drafted a Rule 68 offer of judgment, engaged in discovery, engaged in settlement negotiations, drafted opposition to Plaintiff's attorney fee application, and drafted a motion for recover MLLG's attorney's fee. (MLLG Memorandum of Law in Support of Motion for Reconsideration at 3.)

Although Melson acknowledged that MLLG was retained by her husband to represent her (Melson Affidavit ("Melson Aff.") dated June 10, 2011, ¶ 6), she pointed out that she was not a proper party because, unlike the other Defendants, she had no ownership in the Defendant entities, was not employed by the Defendant entities, and was not a trustee, officer or guarantor of the Gobindram D/D Irrevocable Family Trust. (Melson Aff. ¶¶ 2-3; Answer ¶ 18.)  As such the Complaint should have been dismissed with respect to her.  Defendant Kailish Gobindram, Melson's husband, expressly advised MLLG that Melson was not a proper party in the action as she was not a shareholder in any of the Defendant entities. (Affidavit of Kailash Gobindram, June 14, 2011, ¶ 14.)  MLLG's motion to dismiss the Complaint as to Melson could have been served simultaneously with the Answer prepared on behalf of all Defendants.  Therefore, it seems only fair that she be held liable in quantum meruit only for counsel's services which were provided to her and which were of benefit to her, as found by the Court in its September 30, 2011 Opinion and Order.[2]  The Court concluded that MLLG provided services to Melson amounting to two hours of billable work.

MLLG's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated:  New York, New York
        December 6, 2011

_____
                      Robert P. Patterson, Jr.
                          U.S.D.J.

_____

[2] MLLG denied in the Answer that Melson was a trustee or guarantor of the Gobindram D/D Irrevocable Family Trust, and prepared the settlement agreement which she signed.

3

Copies of this order were faxed/sent to:
*Plaintiff:*

Shiva Realty of Mulberry Inc. et. al
Attn: Kailash Gobindram
7 Victoria Drive
Amityville, NY 11701

*Counsel for Defendant:*

Joseph Martin Labuda
Milman Labuda Law Group, PLLC
3000 Marcus Avenue
Suite 3W3
New Hyde Park, NY 11042
(516)328-8899
Fax: (516)328-0082

Jamie Scott Felsen
Milman Labuda Law Group, PLLC
3000 Marcus Avenue
Suite 3W3
New Hyde Park, NY 11042
(516) 328-8899
Fax: (516) 328-0082

4